DLD-004                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3800
_____

IN RE:  AURELIO MURILLO,

Petitioner
_____

On a Petition for Writ of Prohibition from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 10-cr-00554)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 7, 2010
Before:  BARRY, FISHER and STAPLETON, Circuit Judges

(Opinion filed October 20, 2010 )
_____

OPINION
_____

PER CURIAM

        Aurelio Murillo is awaiting trial on criminal charges of threatening to kill a

federal judge and her child in response to the dismissal of a slip-and-fall personal

injury action.  Murillo was a plaintiff in Murillo v. Great Wolf Resorts, Inc., E.D. Pa.

Civ. No. 08-cv-03933, which was assigned to the Honorable Gene E.K. Pratter.

According to the affidavit of probable cause in Murillo's criminal proceeding, a

man identifying himself as "Murillo" called Judge Pratter's chambers to inquire

about the status of the case and, upon being told that it had been dismissed, stated that he was going to "put a bullet in the head" of Judge Pratter and "her child." Murillo was later arrested, and has been indicted on charges of threatening to murder Judge Pratter and a member of her family in violation of 18 U.S.C. § 115(a)(1)(B).

Presently before the Court is Murillo's petition for a writ of prohibition. Murillo seeks an order barring the District Court from conducting further criminal proceedings and directing it to dismiss the indictment. He argues that his criminal prosecution should be barred because FBI agents assaulted him, illegally arrested him, illegally searched his apartment, illegally seized the cellular phone over which he allegedly issued the threats, and coerced him into waiving his rights under Miranda v. Arizona, 384 U.S. 436 (1966). He also alleges that FBI agents illegally transported him from New Jersey to Pennsylvania and that his (since completed) arraignment was wrongfully delayed.

These arguments do not state a basis for a writ of prohibition. A writ of prohibition, like a writ of mandamus, is an extraordinary remedy that we may grant only when the petitioner indisputably is entitled to relief and has no other adequate means to obtain it. See United States v. Santtini, 963 F.2d 585, 593-94 (3d Cir. 1992). In this case, Murillo has the usual means to obtain any relief that might be warranted: appropriate motions in the District Court and review on appeal. Murillo argues that his prosecution should be barred because the

2

Government's alleged misconduct makes it <u>in</u> <u>pari</u> <u>delicto</u>, but that argument is frivolous. <u>In</u> <u>pari</u> <u>delicto</u> is a defense to recovery in certain <u>civil</u> actions and is not a basis to bar criminal prosecution. <u>See</u> <u>Rogers v. McDorman</u>, 521 F.3d 381, 385, 387 (3d Cir. 2008). Accordingly, the petition is denied.